UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 4:15CR00252 ERW |
| LEONARD DALE VAN DAM, | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Noelle C. Collins [ECF No. 112], pursuant to 28 U.S.C. § 636(b)(1), recommending Defendant Leonard Van Dam's Amended Motion to Suppress [ECF No. 71] and Petition for Appointment and Furnishment of an Investigator and Expert Witnesses pursuant to Title 18 U.S.C. § 3006A [ECF No. 111] be denied. Defendant filed timely objections to the Report and Recommendation [ECF No. 118]. Defendant asserts eight objections which the Court will address as follows.

**I.    STANDARD**

When a party objects to a Report and Recommendation concerning a motion to suppress in a criminal case, the court is required to "make a de novo review determination of those portions of the record or specified proposed findings to which objection is made." *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)).

**II.    DISCUSSION**

Defendant first objects to Judge Collins's use of Defendant's Amended Motion to Suppress as this motion was filed by Defendant's former counsel and, according to Defendant,

1

contained several errors.  Defendant states this motion was one of the reasons he requested to represent himself.  At the evidentiary hearing, Judge Collins informed Defendant he would be allowed to raise any issues or errors in the amended motion.  ECF No. 93, 18:19-25.  He did not raise any specific errors he believed were contained in the motion, nor did he file any additional motions with the Court.  He also did not seek to have the amended motion withdrawn.  Therefore, the motion before the Court and the proper motion for ruling is the Amended Motion to Suppress.

Second, Defendant objects to Judge Collins's procedure during the evidentiary hearing requiring Defendant to stand in shackles for two hours.  There is no indication in the record Defendant was required to stand in shackles for two hours.  There are several instances in the record which indicate Defendant was seated throughout the hearing.  First, Judge Collins asked Defendant to stand when addressing the Court.  ECF No. 93, 11:13-14.  Second, Judge Collins told Defendant to stand at the podium when he was ready to cross-examine witnesses.  *Id*. at 14:20-21.  Judge Collins also told Defendant he was to waive his hand if he would like a break.  *Id*. at 15:4-6.  Throughout the remainder of the hearing, Judge Collins had to repeatedly remind Defendant to stand when speaking to the Court and told him when he may be seated.  *Id*. at 16:14-15; 17:6-7; 17:14-15; 19:3-4.  Further, Judge Collins asked Defendant throughout the hearing if he needed a break before continuing, to which the Defendant stated he did not.  *Id*. at 84:19-21.  It is clear from the record, Defendant was not required to stand in shackles throughout the entirety of the hearing.

Third, Defendant objects to Judge Collins's ruling standby counsel was to be seated apart from Defendant as this denied Defendant the benefit of counsel's advice throughout the hearing.  Defendant was not denied access to standby counsel during the hearing.  Judge Collins did ask

2

Ronald Jenkins, Defendant's stand-by counsel, to sit at the table behind Defendant. However, near the end of the hearing, Defendant asked if he could speak with standby counsel and Judge Collins permitted him to do so. ECF No. 93, 119:13-16. At no other time did Defendant request to speak with Mr. Jenkins. Mr. Jenkins was also permitted to make a short argument to the Court in regards to sealed letters from Mr. Tucker. Judge Collins permitted him to make the argument but then requested Defendant make any further comments on the issue. *Id*. at 122:3-123:12.

A defendant has a constitutional right to waive the assistance of counsel and conduct his own defense. *Faretta v. California*, 422 U.S. 806, 821 (1975). A court may appoint standby counsel to assist a *pro se* defendant. *United States v. Swinney*, 970 F.2d 494, 498 (8th Cir. 1992) (citing *McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984)). However, a defendant does not have a constitutional right to "hybrid representation." *Id*. He cannot demand the right to act as co-counsel. *Id*. "Thus, the district court may properly require the defendant to choose either to procced *pro se*, with or without the help of standby counsel, or to utilize the full assistance of counsel, who would present the defendant's defense." *Id*. Judge Collins properly allowed Defendant to consult with Mr. Jenkins while also making clear Defendant has chosen to proceed *pro se* and will be required to do so until he indicates he wishes to do otherwise. Asking Mr. Jenkins to sit at a different table than Defendant did not deprive Defendant of any rights.

Fourth, Defendant objects to the denial of his request for co-defendant Drew Tucker to testify as a witness at the evidentiary hearing. Defendant also objects to the prosecutor, court, and Mr. Tucker's ex-attorney asserting Mr. Tucker's Fifth Amendment rights against self-incrimination rather than allowing Mr. Tucker to assert his rights because this is an individual's right to assert and Defendant Tucker was present in the Courthouse. Defendant asserts this violated his rights under the Confrontation Clause.

The evidentiary hearing was held on October 23, 2015. The Court received Defendant's Motion to Subpoena Drew Tucker [ECF No. 80] on October 22, 2015. Drew Tucker is a co-defendant in the present case and at the time of the evidentiary hearing, he had not entered a plea of guilty. Upon receipt of the motion, Assistant United States Attorney Sirena Wissler contacted Mr. Tucker's attorney, Patrick Kilgore, and arranged for Mr. Tucker to be brought to the Courthouse. Mr. Kilgore attended the evidentiary hearing but did not have the opportunity to speak with his client prior to the hearing. At the hearing, Mr. Kilgore agreed with Ms. Wissler's statements that he would advise his client, Mr. Tucker, to assert his Fifth Amendment right to remain silent. Further, Mr. Kilgore confirmed there was a hearing set to discuss concerns Mr. Tucker had about his attorney/client relationship with Mr. Kilgore. Subsequently, Judge Collins denied Defendant's motion to subpoena Mr. Tucker because it jeopardized Mr. Tucker's rights against self-incrimination and Mr. Tucker had not had an opportunity to speak with his attorney and was presumably unaware of the motion at the time of the hearing. Further, Judge Collins stated she would not allow Mr. Tucker to testify while there were pending issues of whether Mr. Tucker was going to continue to be represented by Mr. Kilgore. Judge Collins agreed to reconsider the matter should Mr. Tucker decide, after speaking with counsel, that he would like to testify on Defendant's behalf.

A defendant cannot compel a co-defendant to testify who has asserted his Fifth Amendment privilege. *United States v. Velasquez*, 141 F.3d 1280, 1282 (8th Cir. 1998). When there is a conflict between a defendant's right to compulsory process and a witness's Fifth Amendment privilege, "the Sixth Amendment right of an accused to compulsory process gives way to the Fifth Amendment privilege of a potential witness to be free of self-incrimination." *Id*. Due to the late filing of Defendant's motion, Mr. Tucker was denied the opportunity to speak to

4

his attorney and make a voluntary, knowing decision to waive his Fifth Amendment right against self-incrimination. The Court could not grant Defendant's subpoena without providing Mr. Tucker this opportunity. It is unlikely Mr. Tucker would have waived his rights. Mr. Kilgore stated he would advise Mr. Tucker not to waive his rights as his case was still pending. Judge Collins denied Defendant's motion without prejudice to allow Defendant to press the issue further should he wish to do so. No subsequent motion to subpoena Mr. Tucker was filed. Defendant's rights have not been violated.

Sixth, Defendant asserts he was denied due process to file pretrial motions because of the ineffectiveness of his prior counsel. Defendant does not state what motions he wished to file that were not filed. Nor does he indicate in any way how his former counsel was ineffective. Defendant was allowed to file pretrial motions up to the day of the evidentiary hearing. Judge Collins also heard argument on oral motions Defendant raised for the first time at the hearing. Subsequent to the hearing, Judge Collins considered additional motions filed by Defendant in her Report & Recommendation. Defendant has not been denied due process.

Seventh, Defendant objects to Judge Collins's denial of his request for an extension of time to prepare a motion to suppress. Defendant's case has been pending since May 18, 2015. Defendant has asked for and been granted five extensions of time to file pretrial motions. Although these were filed by Defendant's former counsel, all of the motions were agreed to by Defendant. An extension of time for Defendant's pretrial motions required a continuance of the trial date. The co-defendant, Mr. Tucker, had not agreed to such a continuance. Thus, if the Court had granted Defendant's motion, it would have imperiled Mr. Tucker's rights to a speedy trial. Defendant was not prejudiced by the denial of his request for an extension of time.

Eighth, Defendant objects to the denial of his Petition for Appointment and Furnishment

of an Investigator and Expert Witnesses pursuant to Title 18 U.S.C. § 3006A [ECF No. 111]. Defendant has provided no specifics as to what expert witness he would call or why an investigator is needed. He does not indicate what he expects an investigator to find or how the investigator will further his defense. Additionally, his reasons for needing an investigator all relate to his incarceration. However, at the time he decided to proceed pro se, he was warned of the difficulty of proceeding pro se while incarcerated. Defendant could have chosen to obtain new counsel rather than proceeding pro se which would have provided him with the resources necessary to present his defense. Defendant can also seek the help of his standby counsel, Mr. Jenkins. *See United States v. Wilson*, 62 Fed. App'x. 740, 742 (8th Cir. 2003) (district court did not abuse its discretion in refusing to pay for an investigator when Defendant could enlist the help of standby counsel); *United States v. Schwyhart*, 81 Fed. App'x 608, 609 (8th Cir. 2003) (defendant was not denied due process by court's refusal to appoint an investigator when the court appointed federal public defender to represent him). The Court will deny Defendant's motion for expert witnesses and appointment of an investigator.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge [ECF No. 112] is **SUSTAINED, ADOPTED, AND INCORPORATED** herein.

**IT IS FURTHER ORDERED** that Defendant Leonard Van Dam's Amended Motion to Suppress [ECF No. 71] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Leonard Van Dam's Petition for Appointment and Furnishment of an Investigator and Expert Witnesses pursuant to Title 18 U.S.C. § 3006A [ECF No. 111] is **DENIED**.

So Ordered this 6th Day of January, 2016.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE